IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

ISRAEL MORALES,

        Petitioner,

vs.

D. K. SISTO, Warden,

        Respondent.
_____/

No. C 07-06002 TEH (PR)

ORDER DIRECTING PETITIONER TO PROVIDE COURT WITH CURRENT ADDRESS

      On November 28, 2007, Petitioner filed a pro se petition for a writ of habeas corpus. On that same day, the Court sent a notification to Petitioner informing him that he had neither paid the filing fee nor submitted a completed application for leave to proceed in forma pauperis. The Court provided a copy of the correct in forma pauperis application, along with a return envelope, and a notification that the case would be dismissed if Petitioner failed to pay the fee or file the completed application within thirty days.

      On December 26, 2007, Petitioner notified this Court that he had requested the Inmate Trust Account Office on December 19, 2007, to complete the required "Certificate of Funds in Prisoner's Account" and mail it with his attached in forma pauperis application to the Court. Petitioner requested the Court to notify him if the application was not received.

      Having received no in forma pauperis application from Petitioner, on March 21, 2008, the Court granted Petitioner an extension of time of another thirty days by which to file the application and reminded Petitioner "that the ultimate filing of the necessary

1 pleadings is the responsibility of Petitioner, not the Inmate Trust Account Office." A
2 copy of that order granting extension of time was mailed to Petitioner and returned to the
3 Court on April 1, 2008, as undeliverable. See Docket no. 5. To date, Petitioner has not
4 updated his address with the Court, nor has he paid the filing fee or submitted an in forma
5 pauperis application.

6 Pursuant to Northern District Local Rule 3-11 a party proceeding pro se whose
7 address changes while an action is pending must promptly file a notice of change of
8 address specifying the new address. See L.R. 3-11(a). The Court may, without prejudice,
9 dismiss an action when: (1) mail directed to the pro se party by the Court has been
10 returned to the Court as not deliverable, and (2) the Court fails to receive within sixty
11 days of this return a written communication from the pro se party indicating a current
12 address. See L.R. 3-11(b).

13 More than sixty days have passed since the mail directed to Petitioner by the Court
14 was returned as undeliverable. The Court has not received a notice from Petitioner of a
15 new address. In order to ascertain whether Petitioner still is incarcerated at Solano State
16 Prison, the Clerk shall mail this order to Petitioner at Solano State Prison. If Petitioner is
17 incarcerated at Solano State Prison, he shall so notify the Court within **twenty (20) days**
18 of the date this order is filed. If, however, the order is returned to the Court as not
19 deliverable, and Petitioner has not provided a forwarding address, the petition will be
20 dismissed without prejudice under Local Rule 3-11 and for failure to prosecute pursuant
21 to Rule 41(b) of the Federal Rules of Civil Procedure. See Malone v. United States Postal
22 Serv., 833 F.2d 128, 133 (9th Cir. 1987) (court must consider alternatives before
23 dismissing the action, such as warning of dismissal), cert. denied, 488 U.S. 819 (1988).
24 SO ORDERED.

25
26 DATED: 06/13/08
27 THELTON E. HENDERSON
 United States District Judge
28