1

2

3

4

5

6

7

8              IN THE UNITED STATES DISTRICT COURT

9             FOR THE NORTHERN DISTRICT OF CALIFORNIA

10

11  ISRAEL MORALES,                      No. C-07-6002 TEH (PR)

12              Petitioner,

13          v.                           AMENDED ORDER TO SHOW CAUSE

14  D. K. SISTO, Warden

15              Respondent.

16  _____/

17

18          Petitioner, a state prisoner incarcerated at California

19  State Prison in Solano, California, has filed a pro se Petition for

20  a Writ of Habeas Corpus under 28 U.S.C. § 2254 challenging a

21  judgment of conviction from Santa Clara County Superior Court.[1]

22  Petitioner also seeks leave to proceed in forma pauperis under 28

23  U.S.C. § 1915.  Doc. ## 20 & 21.

24  _____

25          [1]  On January 4, 2010, the Court issued an Order directing
    Respondent to file by January 15, 2010 a responsive pleading to the
26  Order to Show Cause ("OSC") issued on October 8, 2009.  See Doc. ##
    22 & 23. The OSC, however, never was served on Respondent.  As such,
27  the Court's January 4, 2010 Order is hereby VACATED.  Respondent is
    directed to file a responsive pleading sixty (60) days from the date
28  of this Order.

I

Following his convictions in Santa Clara County Superior Court of second degree murder, shooting at an occupied vehicle and illegal possession of a firearm, Petitioner was sentenced to fifteen-years-to-life in state prison.  The California Court of Appeal affirmed the judgment in an unpublished opinion.  People v. Morales, No. H026508,2005 WL 67098 (Cal. Ct. App. Jan. 13, 2005).  On March 23, 2005, the California Supreme Court denied his Petition for Review.  Id.  Thereafter, Petitioner sought collateral review in the state superior and appellate courts, which denied relief.  Pending before this Court is the instant federal Petition for a Writ of Habeas Corpus.  Doc. #1.

II

This Court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a).  It shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto."  Id. § 2243.

Petitioner seeks federal habeas corpus relief by alleging various claims, including instructional error, juror misconduct, improper calculation of his time credits and ineffective assistance of appellate counsel.  See Doc. #1.  Liberally construed, these

claims appear cognizable under § 2254 and merit an Answer from Respondent.  See Zichko v. Idaho, 247 F.3d 1015, 1020 (9th Cir. 2001) (federal courts must construe pro se petitions for writs of habeas corpus liberally).

## III

For the foregoing reasons and for good cause shown,

1.   Petitioner's requests to proceed in forma pauperis (Doc. ## 20 & 21) are GRANTED.

2.   The Clerk shall serve by certified mail a copy of this Order and the Petition, and all attachments thereto, on Respondent and Respondent's attorney, the Attorney General of the State of California.  The Clerk also shall serve a copy of this Order on Petitioner.

3.   Respondent shall file with the Court and serve on Petitioner, within sixty (60) days of the issuance of this Order, an Answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted.  Respondent shall file with the Answer and serve on Petitioner a copy of all portions of the state trial record that have been transcribed previously and that are relevant to a determination of the issues presented by the Petition.

If Petitioner wishes to respond to the Answer, he shall do so by filing a Traverse with the Court and serving it on Respondent within thirty (30) days of his receipt of the Answer.

4.   In lieu of an Answer, Respondent may file a Motion to

Dismiss on procedural grounds, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases. If Respondent files such a motion, Petitioner shall file with the Court and serve on Respondent an Opposition or Statement of Non-Opposition within thirty (30) days of receipt of the motion, and Respondent shall file with the Court and serve on Petitioner a Reply within fifteen (15) days of receipt of any Opposition.

     5.   Petitioner is reminded that all communications with the Court must be served on Respondent by mailing a true copy of the document to Respondent's counsel.  Petitioner also must keep the Court and all parties informed of any change of address.

     IT IS SO ORDERED.

DATED    01/07/10

_____
THELTON E. HENDERSON
United States District Judge

G:\PRO-SE\TEH\HC.07\Morales-07-6002.osc-2.wpd

4